IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN LEE JOHNSON,
    Plaintiff,

vs.                                  Case No.: 3:04cv380/RV/EMT

ESCAMBIA COUNTY SHERIFF'S OFFICE,
SHERIFF RON MCNESBY,
    Defendants.

## REPORT AND RECOMMENDATION

    This cause is before the court upon Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 1). Leave to proceed in forma pauperis has been granted (Doc. 8). Service upon Defendants has not been ordered or effected. Upon review of the complaint, this court concludes that dismissal of Plaintiff's complaint is warranted.

    Named as Defendants in this action are the Escambia County Sheriff's Office ("ECSO") and Sheriff Ron McNesby. The crux of Plaintiff's complaint is that unnamed correctional officers employed by the ECSO failed to protect him from an attack by three other inmates on June 1, 1999,[1] in violation of the Eighth and Fourteenth Amendments (Doc. 1 at 7-8). Plaintiff alleges the employees' conduct caused him physical injuries, and he seeks compensatory and punitive damages as relief (*id*. at 8).

    Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28

---

[1] On page 5 of the complaint form, Plaintiff states he previously initiated an action in this Court dealing with the same or similar facts and issues involved in the instant action. Indeed, the docket reflects that Plaintiff filed a section 1983 action in January 2002 concerning the same incident and raising the same claims as the instant complaint. *See* Johnson v. Walker, Case No. 3:02cv11/LAC/MD (Docs. 1, 24). The court takes judicial notice of the fact that in the previous case, Plaintiff alleged the incident occurred on June 1, 1999 (*Id*., Doc. 24 at 7).

U.S.C.A. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  The complaint may be dismissed only if it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief.  Brown v. Budget Rent-A-Car Systems, Inc., 119 F.3d 922, 923 (11th  Cir. 1997).

Because section 1983 does not contain a specific statute of limitations, 42 U.S.C.A. § 1988 directs courts to select and apply the most appropriate or analogous state statute of limitations.  The Supreme Court has further stated that courts should select the statute of limitations in each state that applies to tort actions for the recovery of damages for personal injury.  Wilson v. Garcia, 471 U.S.261, 276 (1985).  Further, the Court stated that the statute, once selected, should govern all section1983 actions arising in that state. *Id.* at 275; *see also* Jones v. Preuit & Mauldin, 763 F.2d 1250,1252 (11th Cir. 1985) (citations omitted).  The applicable statute of limitations in Florida is four (4) years.  Baker v. Gulf & Western Industries, 850 F.2d 1480, 1481 (11th Cir. 1988); Grace v. Wainwright, 761 F. Supp. 1520 (M.D. Fla. 1991); *see* Fla. Stat. § 95.11(3) (1991).  The running of the statute of limitations is a sufficient ground to justify dismissal of a claim as frivolous.  Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003); Clark v. Georgia Pardons and Paroles Board, 915 F.2d 636, 641 n.2 (11th Cir. 1990).

In the instant case, it is clear from the face of the complaint that Plaintiff was aware of the allegedly injurious actions of the ECSO and Sheriff McNesby at the time the incident occurred.  Thus, the cause of action accrued on June 1, 1999.  More than four (4) years have elapsed between the time the action accrued and the time of the actual filing of the complaint in the instant action, September 28, 2004 (*see* Doc. 1 at 8).  Because it is clear from the face of the complaint, as well as

judicially noticed facts, that the four-year period had expired at the time the complaint was filed, Plaintiff was given an opportunity to show cause as to why this case should not be dismissed as time barred under Florida's four-year statute of limitations (*see* Doc. 13).

Plaintiff filed a response to the order to show cause in which he has asserted numerous justifications for his failure to timely file a complaint, including the following: (1) he was housed with the same inmates that attacked him in June 1999 and those inmates harassed and "scared" him, making him "stressed and confused," (2) he sought help from twenty lawyers in Tallahassee and Pensacola, but those lawyers could not represent him due to conflicts of interest with the ECSO, (3) the institutions where Plaintiff was confined had inadequate law library facilities, (4) regardless of where Plaintiff was imprisoned, staff, officers and other inmates learned of Plaintiff's complaint (or the circumstances underlying Plaintiff's complaint) and harassed him, played mind games, and otherwise tried to anger Plaintiff, and (5) Plaintiff was injured at the Tallahassee work release center, and upon being returned to prison, could not get in touch with the attorney who had previously consulted with him about this case (Doc. 16 at 2-4). Plaintiff states he was released from state prison to a halfway house in either December 2002 or January 2003, that he stayed there for one month, and upon discharge from the halfway house he returned to the Pensacola area (*id.* at 4). Plaintiff states he was arrested in September 2003, convicted of a new offense(s), and returned to prison in June 2004 (*id.*). Plaintiff alleges he was again harassed by officers and inmates, assaulted by another inmate, and taken to an outside hospital for stitches (*id.* at 5). Plaintiff further states that as recently as May 2005, he again attempted to secure attorney representation in this matter (*id.*). Finally, to substantiate the claims made in Plaintiff's response to the show cause order, he provided the court with documentation including prison grievances and a letter from an attorney dated May 17, 2005 indicating the attorney's conflict with the ECSO (Doc. 16 at 6-23).[2]

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). In so doing, this court construes Plaintiff's response as asserting that the

---

[2] The grievances concern matters unrelated to Plaintiff's claims in the instant action. Furthermore, they were filed after the four-year limitations period had expired.

Case No: 3:04cv380/RV/EMT

statute of limitations should be equitably tolled. "The doctrine of equitable tolling abates the harsh operation of the statute of limitations under certain circumstances in which barring a plaintiff's potentially meritorious action would be unjust." Justice v. United States, 6 F.3d 1474, 1475 (11th Cir.1993). It "is an extraordinary remedy which should be extended only sparingly," and before a court may equitably toll a limitations period, the plaintiff must establish that tolling is warranted. *Id.* at 1479. In the instant case, Plaintiff has failed to establish that equitable tolling is warranted. Although Plaintiff claims harassment by prison officials and other inmates interfered with his ability to file suit, he filed the instant complaint despite the harassment and, perhaps more important, he failed to file suit upon his release from incarceration when no harassment was occurring. Additionally, the lack of attorney representation does not entitle Plaintiff to the extraordinary remedy he seeks. Plaintiff previously filed a lawsuit in this court without attorney representation (*see* Johnson v. Walker, 3:02cv11/LAC/MD[3]) and he instituted the instant action without attorney representation; thus, he clearly has the ability to timely file a pro se complaint. Additionally, although Plaintiff had ample time to obtain attorney representation after his release from incarceration (he was released from the halfway house in either January or February 2003, three to four months before the four-year statute of limitations ran, and was not rearrested until September 2003), he failed to do so.

To the extent Plaintiff asserts that the statute of limitations was tolled by his timely filing of the related complaint in case number 3:02cv11/LAC/MD, Plaintiff has failed to establish entitlement to equitable tolling. His earlier case was dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) on November 27, 2002 (*see* 3:02cv11 (Doc. 29)). Following dismissal of that action, Plaintiff had available to him the options of filing a timely motion for reconsideration, a timely motion for relief from judgment, or an appeal of the dismissal, but failed to do so. Instead he chose to refile his lawsuit twenty-two (22) months after the dismissal of his earlier action, long after the limitations period had expired. Equitable tolling is inappropriate when a plaintiff does not file an action promptly or fails to act with due diligence. *See* Justice, 6 F.3d at 1479; Bost v. Federal

---

[3]Although Plaintiff sought the appointment of counsel (*see* Doc. 26), he did not do so until after his case was pending for approximately ten months. Additionally, in seeking counsel, Plaintiff advised the court that he would be released from prison in December 2002 and would be able to obtain a lawyer at that time.

Case No: 3:04cv380/RV/EMT

Express Corp., 372 F.3d 1233, 1242 (11th Cir. 2004). Furthermore, even if the limitations period was tolled during the pendency of his earlier case (January 12, 2002 to November 27, 2002,[4] or 319 days), the instant action was still filed beyond the expiration of the limitations period. Thus, this court concludes that equitable tolling is not appropriate under the circumstances of this case and that Plaintiff's complaint should be dismissed. *See* Hughes, 350 F.3d at 1163 (prisoner's in forma pauperis complaint raising deprivation-of-property claims properly dismissed prior to service as time-barred where it appeared beyond a doubt from the complaint itself that prisoner could prove no set of facts which would avoid a statute of limitations bar); *cf.* Leal v. Georgia Dept. of Corrections, 254 F.3d 1276, 1280 (11th Cir. 2001) (sua sponte dismissal of prisoner's pro se § 1983 action inappropriate where factual issue existed regarding whether statute of limitations was tolled during Plaintiff's exhaustion of mandatory administrative remedies).

Accordingly, it is respectfully **RECOMMENDED**:

1. That this case be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 27th day of October 2005.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[4]*See* Johnson v. Walker, Case No. 3:02cv11/LAC/MD (Doc. 1 at 9, Doc. 29).

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**